UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS J GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OCEAN SHORES; KOSW-FM COMMUNITY RADIO; FRANK ELDUEN; KRISTEN JONES; SARA D LOGAN; CARL LARSON; TREY SMITH,<br><br>Defendant. | Case No. 3:24-cv-05655-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is pro se Plaintiff Thomas J Gardner's motion to appoint counsel. Dkt. 7. For the reasons explained below, the Court DENIES Mr. Gardner's motion.

**I.    BACKGROUND**

Mr. Gardner filed this case on August 26, 2024. Dkt. 3. He alleges that during his previous appointment as a volunteer member of the Board of Directors for Defendant KOSW-FM Community Radio, he was subjected to a hostile work environment and retaliation, and discriminated against based on his race, age, and disability in violation of Title VII of the Civil Rights Act of 1964. *See id.* at 3–5; 14; 21–23.

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 1

On October 24, 2024, Mr. Gardner filed this motion for court-appointed counsel and submitted a sealed financial affidavit in support of his motion. Dkts. 7, 8. Mr. Gardner identified five unique[1] attorneys or legal organizations he has contacted to secure legal representation. Dkt. 5 at 2. He did not explain his efforts to retain legal assistance further. *See id*. Under "Merits of Claim" on the Court's application form, Mr. Gardner stated that the Washington State Human Rights Commission ("WSHRC") "concluded that enough evidence was submitted to prove racist behavior existed." *Id.* Mr. Gardner attached his WSHRC complaint, a rebuttal interview conducted by the assigned Civil Rights Investigator ("CRI"), and a letter from Mr. Gardner addressed to the CRI. *Id.* at 4–15. Mr. Gardner did not attach a determination on the merits from the WSHRC in his motion. *See id.*

On November 6, 2024, Mr. Gardner filed for an extension of the initial case scheduling deadlines, Dkt. 9, which this Court granted. Dkt. 10. In his filing, Mr. Gardner requested an extension of time because of his unsuccessful "attempts to obtain a lawyer pro bono." Dkt. 9 at 1. He explained that two lawyers agreed to represent him for a fee, but "after vain attempts to squeeze my meager income" he determined that "a court appointed lawyer is necessary to proceed." *Id*. Mr. Gardner also wrote that his mental health has "stagnated [his] novice efforts to interpret legal procedures." *Id.*

## II. DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). But in employment discrimination cases arising under Title VII of the 1964 Civil Rights Act, the

---

[1] Mr. Gardner's motion identifies the "NW Justice Project" twice and "Washington Law Help," a website maintained by staff at the Northwest Justice Project. Dkt. 5 at 2; WashingtonLawHelp.org, https://www.washingtonlawhelp.org/about-us (last visited Dec. 11, 2024).

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 2

Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel the Court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Here, although Mr. Gardner's financial affidavit does not show regular income, it does show assets in property and cash on hand. *See* Dkt. 8. Even if the Court determined that Mr. Gardner's financial affidavit sufficiently demonstrated his limited resources, his unsuccessful attempt to contact five attorneys or legal organizations at this early stage of litigation does not indicate that additional efforts to find counsel will not succeed. *See* Dkt. 5 at 2. Additionally, the case has not yet proceeded beyond the pleading stage, and it is too early for the Court to evaluate whether Mr. Gardner's claims have merit. Although Mr. Gardner asserts that the WSHRC found that "enough evidence was submitted to prove racist behavior existed," his present filings only indicate the WSHRC is investigating his case. *See* Dkt. 5 at 2; 4–15.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the requirements of the Civil Rights Act. Although the Court understands the difficulty Mr. Gardner faces in finding counsel and appreciates the information he has provided, his case does not currently meet that standard.

### III.    CONCLUSION

Future motions practice or other proceedings may allow the Court to better evaluate the merits of Mr. Gardner's claims. But at this stage of the case, Mr. Gardner does not meet the requirements for court-appointed counsel under Title VII. The Court therefore DENIES his motion to appoint counsel. Dkt. 7. This does not prevent Mr. Gardner from bringing another motion for appointed counsel at a later stage of the case after his claims are further developed.

The Court encourages Mr. Gardner to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics. Given his inability to pay attorney's fees, Mr. Gardner may also consider focusing his search for counsel on attorneys who work on a contingent fee basis.

Dated this 11th day of December, 2024.

Tiffany M. Cartwright
United States District Judge